The Honorable Tana Lin

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| DEVIN DECKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CHS INC., a Minnesota corporation,<br><br>Defendant. | Case No. 3:25-cv-05811-TL<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES** |

Plaintiff Devin Decker, by their undersigned counsel, pursuant to FRCP 15(a)(1)(B), and for their First Amended Class Action Complaint against Defendant CHS Inc., alleges as follows:

/ / /

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## I. INTRODUCTION

1.1 Nature of Action. Defendant has engaged in a systematic scheme of wage and hour abuses against its Washington hourly-paid or non-exempt employees. These abuses include: (1) failing to provide employees with the rest breaks to which they are entitled; (2) failing to provide employees with the meal breaks to which they are entitled; (3) failing to pay all minimum wages to employees for all hours worked; (4) failing to pay all overtime wages to employees when they work more than 40 hours in a workweek; and (5) failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by employees; and (6) making unlawful deductions and rebates from employees' wages. Defendant's deliberate and willful failure to pay their employees their earned wages violates Washington law.

1.2 Plaintiff and the Class members are current and former hourly-paid or non-exempt employees of Defendant who have been victimized by Defendant's unlawful compensation practices. This lawsuit is brought as a class action under state law to recover unpaid wages owed to Plaintiff and those similarly situated.

## II. JURISDICTION AND VENUE

2.1 Jurisdiction. Defendant does business in the State of Washington. Defendant is registered to conduct business in the State of Washington. Defendant has obtained the benefits of the laws of the State of Washington and the Washington retail and labor markets.

2.2 Venue. Venue is proper in the Western District of Washington at Tacoma because this case was properly filed in Kitsap County and Defendant removed it therefrom under 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453.

2.3 Governing Law. The claims asserted on behalf of Plaintiff and the Class members in this complaint are brought solely under state law causes of action and are governed exclusively by Washington law.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## III. PARTIES

3.1 Plaintiff Devin Decker. Plaintiff is a resident of Kitsap County, Washington. Defendant hired Plaintiff Decker as an hourly-paid or non-exempt Warehouse Specialist at its Poulsbo, Washington location from approximately November 7, 2022, to approximately December 21, 2023. The "amount in controversy" for Plaintiff Decker, including claims for compensatory damages, restitution, penalties, wages, premium pay, and pro rata share of attorneys' fees, is less than seventy-five thousand dollars ($75,000).

3.2 Defendant. Defendant is a Minnesota corporation with its principal place of business in Inver Grove, Minnesota. Defendant operates several different facilities across Washington state that employ hourly, non-exempt employees.

## IV. CLASS ACTION ALLEGATIONS

4.1 Class Definition. Pursuant to Federal Civil Rule 23, Plaintiff brings this case as a class action on behalf of a Class defined as follows:

> All hourly-paid or non-exempt employees of Defendant in the State of Washington at any time July 24, 2022 to final disposition of this action.

Excluded from the Class are any entity in which Defendant has a controlling interest or which has a controlling interest in Defendant, and Defendant's legal representatives, assignees, and successors. Also excluded are the judge to whom this case is assigned and any member of the judge's immediate family.

4.2 Numerosity. More than 40 people have worked as hourly-paid or non-exempt employees for Defendant in the State of Washington during the relevant time period.

4.3 Commonality. There are numerous questions of law and fact common to Plaintiff and the Class members. These questions include, but are not limited to, the following:

a. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a ten-minute rest break for every four hours of work;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

b. Whether Defendant has engaged in a common course of requiring Plaintiff and the Class members to work more than three consecutive hours without a rest break;

c. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the rest breaks to which they are entitled;

d. Whether Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work;

e. Whether Defendant has engaged in a common course of failing to ensure that Plaintiff and the Class members have received the meal breaks to which they are entitled;

f. Whether Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked;

g. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all of the overtime wages to which they are entitled;

h. Whether Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

i. Whether Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members by requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

j. Whether Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all the wages to which they are entitled;

k. Whether Defendant failed to keep true and accurate records of the hours worked, rates of pay, gross wages, and all deductions for each pay period for Plaintiff and the Class members;

l. Whether Defendant failed to furnish itemized pay statements to Plaintiff and the Class members;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

m. Whether Defendant willfully deprived Plaintiff and the Class members of the wages to which they were entitled;

n. Whether Defendant has violated RCW 49.12.020;

o. Whether Defendant has violated WAC 296-126-092;

p. Whether Defendant has violated RCW 49.46.130;

q. Whether Defendant has violated RCW 49.46.090;

r. Whether Defendant has violated RCW 49.46.210;

s. Whether Defendant has violated RCW 49.48.010;

t. Whether Defendant has violated WAC 296-126-025;

u. Whether Defendant has violated WAC 296-126-028;

v. Whether Defendant has violated WAC 296-128-620;

w. Whether Defendant has violated RCW 49.52.050; and

x. The nature and extent of class-wide injury and the measure of compensation for such injury.

4.4 Typicality. Plaintiff's claims are typical of the claims of the members of the Class because Defendant employed Plaintiff as an hourly-paid or non-exempt employee in the State of Washington. The claims of Plaintiff, like the claims of the Class, arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

4.5 Adequacy. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys who are experienced lawyers with significant experience in complex and class action litigation, including employment law. Plaintiff and their counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor their counsel have interests that are contrary to or that conflict with those of the proposed Class.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

4.6 Predominance. Defendant has engaged in a common course of wage and hour abuse toward Plaintiff and members of the Class. The common issues arising from this conduct that affect Plaintiff and members of the Class predominate over any individual issues.

4.7 Superiority. Plaintiff and the Class members have suffered and will continue to suffer harm and damages as a result of Defendant's unlawful and wrongful conduct. Absent a class action, however, most Class members likely would find the cost of litigating their claims prohibitive. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members are readily identifiable from Defendant's records.

## V. SUMMARY OF INDIVIDUAL FACTUAL ALLEGATIONS

5.1 Plaintiff worked at Defendant's Poulsbo, Washington location in the warehouse doing general tasks such as helping customers load their cars, general labor, order picking, and rodent extermination. Plaintiff was typically scheduled for five eight-hour shifts.

5.2 Rest Breaks. Defendant failed to ensure Class Members took rest breaks.

5.3 The supervisory staff would instruct Plaintiff and Class Members to take rest breaks during a certain window of time, and Plaintiff and Class Members would generally comply with the instruction.

5.4 However, because of business needs, there were occasions where Plaintiff Decker was not permitted to take a break within the first four hours of his shift, or within four hours of his meal break, or his rest break was interrupted, or he was unable to take a break at all.

5.5 For example, if a shipment came later than expected, he may have been required to work on it immediately, resulting in missing or delayed rest breaks. If there were an unusually large number of customers, Plaintiff and other Class Members may have needed to attend to them immediately, resulting in missing or delayed rest breaks.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

5.6 Plaintiff personally witnessed other employees who were also not given compliant rest breaks. Plaintiff witnessed this failure to ensure rest breaks throughout his employment with Defendant.

5.7 Plaintiff was not provided any additional compensation when his rest breaks were late, interrupted, or completely missed.

5.8 Meal Breaks. Defendant regularly failed to ensure Class Members took their uninterrupted meal periods prior to their fifth hour of work.

5.9 The supervisory staff would instruct Plaintiff and Class Members to take meal breaks during a certain window of time, and Plaintiff and Class Members would generally be able to comply with the instruction.

5.10 However, because of business needs, there were occasions where Plaintiff Decker was not permitted to take meal break within the first five hours of his shift, or his meal break was interrupted, or he was unable to take a meal break at all.

5.11 For example, if a shipment came later than expected, he may have been required to work on it immediately, resulting in missing or delaying his meal break. If there were an unusually large number of customers, Plaintiff and other Class Members may need to attend to them immediately, resulting in missing or delaying meal breaks.

5.12 Defendant did not pay premiums for days when Plaintiff missed his meal break or took an untimely meal break.

5.13 Off-the-Clock Work. Defendant regularly failed to ensure Class Members were paid for time before and after their shift when they were on-duty, but had either not yet clocked-in or after they had clocked out.

5.14 Throughout his employment with Defendant, when Plaintiff arrived at the work site before his shift began, he would often have to wait in line prior to clocking in for his shift since there were only two clock-in machines for all staff. This occurred about a couple of times a week while Plaintiff was employed with Defendant. He would have to wait in line several



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

minutes. On at least one occasion, Plaintiff performed inventory work after clocking out and was not paid.

5.15 Overtime violations.

5.16 Each and every time that Plaintiff performed work, but it went unrecorded, Plaintiff was not paid for that time, and as Plaintiff averaged approximately forty hours per week or more, that unpaid time nearly always resulted in unpaid overtime.

5.17 Plaintiff received compensation in the form of bonuses a few times during his employment, but those did not appear on his paychecks, and were not considered when calculating regular rate, resulting in underpayment of his overtime wages.

5.18 Unlawful Deductions and Rebates. Defendant did not properly reimburse class members for necessary work expenses.

5.19 Defendant did not reimburse Plaintiff for use of his personal cell phone throughout his employment, yet Defendant required Plaintiff to use his personal cell phone to communicate with management.

5.20 Plaintiff was required to purchase a bb gun and ammo, neither of which were reimbursed, to perform his role to kill rodents on premises.

5.21 Plaintiff also purchased paint and painting equipment to perform some painting work, and that was also not reimbursed.

5.22 Final Pay. Plaintiff Decker was not compensated his complete and full wages owed due to the off-the-clock work, minimum wage, sick leave, and other violations described herein by the time his final paycheck was issued to him.

5.23 Other Derivative Theories. In addition to independent theories of each of these claims, facts that support one theory may also necessarily cause liability under another, if true. For example, Defendant's violation of work-off-clock may also cause additional violations of Mr. Decker's meal break rights (e.g., if Mr. Decker started working off-the-clock prior to



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

clocking in, then only took his first meal period 5 hours after clocking in, then it would necessarily mean he took a late break).

5.24 Willfulness. Defendant maintained its time and pay records in electronic format and had knowledge of and access to information regarding recorded hours of work and time records when it paid wages. Defendant's supervisory staff was aware of the business needs and required that Plaintiff and other Class Members adapt to such business needs, occasionally resulting in violations breaks and timekeeping requirements, and its managers and payroll employees did not properly adjust by paying premiums. Defendant's consistent failure to adequately train and inform its managers and payroll employees as to appropriate prevention and remediation procedures related to rest breaks, meal breaks, off-the-clock work, regular rate overtime calculations, and sick leave normal rate calculations constitutes willfulness.

## VI. SUMMARY OF CLASS-WIDE FACTUAL ALLEGATIONS

6.1 Defendant has engaged in, and continues to engage in, a common course of wage and hour abuse against its hourly-paid or non-exempt employees in the state of Washington.

6.2 Failure to provide rest breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a paid ten-minute rest break for every four hours of work.

6.3 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than three consecutive hours without a rest break.

6.4 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have taken the rest breaks to which they are entitled.

6.5 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with ten-minutes additional pay and/or time worked for each missed rest break.

6.6 Each time an hourly-paid or non-exempt employee misses a rest break, Defendant receive the benefit of ten minutes worked without paying for the time worked.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.7 As a result of Defendant's common course of failing to provide proper rest breaks to Plaintiff and the Class members, Defendant failed to maintain accurate records of hours worked by Plaintiff and the Class members.

6.8 Defendant had actual or constructive knowledge of the facts set forth above.

6.9 Failure to provide meal breaks. Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with a thirty-minute meal break for every five hours of work.

6.10 Defendant has engaged in a common course of requiring or permitting Plaintiff and the Class members to work more than five consecutive hours without a meal break.

6.11 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members have received the meal breaks to which they are entitled.

6.12 Defendant has engaged in a common course of failing to ensure Plaintiff and the Class members are fully relieved of all work duties during their meal breaks.

6.13 Defendant has engaged in a common course of failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.

6.14 Defendant had actual or constructive knowledge of the facts set forth above.

6.15 Failure to pay minimum wages for all hours worked. Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked.

6.16 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with ten minutes additional pay and/or time worked for each missed rest break.

6.17 Defendant has engaged in a common course of failing to pay minimum wages to Plaintiff and the Class members for all hours worked by failing to provide Plaintiff and the Class members with thirty minutes additional pay and/or time worked for each missed meal break.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.18 Defendant has engaged in a common course of requiring its employees to perform pre-shift and/or post-shift work off-the-clock without compensation.

6.19 Defendant had actual or constructive knowledge of the facts set forth above.

6.20 Failure to pay all overtime wages due. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members for all hours worked over forty in a week at a rate of not less than one and one-half times their regular rate of pay.

6.21 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed rest break time extended the workweek beyond forty (40) hours.

6.22 Defendant has engaged in a common course of failing to pay overtime wages to Plaintiff and the Class members during workweeks in which missed meal break time extended the workweek beyond forty (40) hours.

6.23 Defendant had actual or constructive knowledge of the facts set forth above.

6.24 Unlawful Deductions and Rebates. Defendant has engaged in a common course of making deductions and collecting rebates from the wages of Plaintiff and the Class members.

6.25 Defendant has engaged in a common course of requiring Plaintiff and the Class members to incur employer expenses and failing to reimburse them.

6.26 Defendant had actual or constructive knowledge of the facts set forth above.

6.27 Failure to accrue and allow use of paid sick leave. Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members.

6.28 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for all hours worked by Plaintiff and the Class members.



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

6.29 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed rest break.

6.30 Defendant has engaged in a common course of failing to accrue sick leave for and failing to allow the usage of paid sick leave for qualifying absences by Plaintiff and the Class members by failing to accrue paid sick leave for each missed meal break.

6.31 Defendant had actual or constructive knowledge of the facts set forth above.

6.32 Failure to pay all wages due at termination. Defendant has engaged in a common course of failing to pay Plaintiff and the Class members all wages due at termination.

6.33 Defendant had actual or constructive knowledge of the facts set forth above.

6.34 Failure to maintain accurate payroll records. Under Washington law, an employer must keep and preserve payroll records that detail the "[h]ours worked each workday and total hours worked each workweek" and maintain those records for at least three years. WAC 296-128-010(6); WAC 296-126-050; *see also* RCW 49.46.0040(3).

6.35 Defendant has engaged in a common course of failing to keep accurate records of the hours Plaintiff and the Class members worked each day or the total hours they worked each week.

6.36 Defendant had actual or constructive knowledge of the facts set forth above.

## VII. FIRST CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Rest Periods)**

7.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

7.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

7.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

7.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

7.5 WAC 296-126-092 provides that employees shall be allowed certain paid rest periods during their shifts.

7.6 Under Washington law, Defendant has an obligation to provide employees with the rest breaks to which they are entitled.

7.7 Under Washington law, Defendant has an obligation to ensure that employees receive the rest breaks to which they are entitled.

7.8 Under Washington law, Defendant has an obligation to provide employees with ten minutes of additional pay for each missed rest break.

7.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020 and WAC 296-126-092.

7.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## VIII. SECOND CLAIM FOR RELIEF

**(Violations of RCW 49.12.020 and WAC 296-126-092 — Failure to Provide Meal Periods)**

8.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

8.2 RCW 49.12.010 provides that "[t]he welfare of the state of Washington demands that all employees be protected from conditions of labor which have a pernicious effect on their



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

health. The state of Washington, therefore, exercising herein its police and sovereign power declares that inadequate wages and unsanitary conditions of labor exert such pernicious effect."

8.3 RCW 49.12.020 provides that "[i]t shall be unlawful to employ any person in any industry or occupation within the state of Washington under conditions of labor detrimental to their health."

8.4 Pursuant to RCW 49.12.005 and WAC 296-126-002, conditions of labor "means and includes the conditions of rest and meal periods" for employees.

8.5 WAC 296-126-092 provides that employees shall be allowed certain meal periods during their shifts.

8.6 Under Washington law, Defendant has an obligation to provide employees with the meal breaks to which they are entitled.

8.7 Under Washington law, Defendant has an obligation to ensure that employees receive the meal breaks to which they are entitled.

8.8 Under Washington law, Defendant has an obligation to provide employees with thirty minutes of additional pay for each missed meal break.

8.9 By the actions alleged above, Defendant has violated the provisions of RCW 49.12.020, and WAC 296-126-092.

8.10 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

## IX. THIRD CLAIM FOR RELIEF

### (Violation of RCW 49.46.130 — Failure to Pay Overtime Wages)

9.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2 RCW 49.46.130 provides that "no employer shall employ any of his or her



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

employees for a workweek longer than forty hours unless such employee receives compensation for his or her employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he or she is employed."

9.3 By the actions alleged above, Defendant has violated the provision of RCW 49.46.130.

9.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## X. FOURTH CLAIM FOR RELIEF

## (Violation of RCW 49.46.090 — Payment of Wages Less Than Entitled)

10.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2 Under RCW 49.46.090, employers must pay employees all wages to which they are entitled under the Washington Minimum Wage Act (WMWA). RCW 49.46.010 defines "wage" as "compensation due to an employee by reason of employment, payable in legal tender of the United States or checks on banks convertible into cash on demand at full face value, subject to such deductions, charges, or allowances as may be permitted by rules of the director."

10.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.090.

10.4 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XI. FIFTH CLAIM FOR RELIEF

**(Violations of RCW 49.46.210 and WAC 296-128-620 – Failure to Accrue and Allow Use of Paid Sick Leave)**

11.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

11.2 The Washington Paid Safe and Sick Leave Act, RCW 49.46.210, and its implementing regulations WAC 296-128-620, require that employees accrue paid sick leave for all hours worked at a rate of at least one hour for every forty hours worked.

11.3 Pursuant to RCW 49.46.200, Defendant must compensate Plaintiff and the Class members at their regular and normal wages.

11.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.46.210 and WAC 296-128-620.

11.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.46.090.

## XII. SIXTH CLAIM FOR RELIEF

**(Violations of RCW 49.52.060 and WAC 296-126-028 – Unlawful Deductions and Rebates)**

12.1 Pursuant to RCW 49.52.060 and WAC 296-126-028, an employer may not make deductions from an employee's wages except in limited circumstances.

12.2 Under Washington law, deductions and rebates must be identified and recorded "openly and clearly in employee payroll records." WAC 296-126-028(5); see also RCW 49.52.060; WAC 296-128-010(9).

/ / /

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

12.3 RCW 49.52.070 provides that any employer who violates the foregoing statute shall be liable in a civil action for twice the amount of wages withheld, together with costs of suit and reasonable attorneys' fees.

12.4 By the actions alleged above, Defendant has violated the provisions of RCW 49.52.060 and WAC 296-126-028.

12.5 As a result of the unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to the recovery of such damages, including interest thereon, attorneys' fees and costs under RCW 49.52.070.

## XIII. SEVENTH CLAIM FOR RELIEF

### (Violation of RCW 49.48.010 – Failure to Pay All Wages Due at Termination)

13.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

13.2 RCW 49.48.010 provides that "when any employee shall cease to work for an employer, whether by discharge or by voluntary withdrawal, the wages due him on account of his employment shall be paid to him at the end of the established pay period." The statute further states that it shall be unlawful for "any employer to withhold or divert any portion of an employee's wages."

13.3 By the actions alleged above, Defendant has violated the provisions of RCW 49.48.010.

13.4 As a result of the unlawful acts of Defendants, Plaintiff and the Class members (but not all) who are no longer employed by Defendants have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members who are no longer employed by Defendants are entitled to the recovery of such damages, including interest thereon, attorneys' fees under RCW 49.48.030, and costs.

/ / /



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

## XIV. EIGTH CLAIM FOR RELIEF

### (Violation of RCW 49.52.050 – Willful Refusal to Pay Wages)

14.1 Plaintiff and the Class reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

14.2 RCW 49.52.050(2) provides that any employer who "willfully and with intent to deprive the employee of any part of his wages, pays any employee a lower wage than the wage such employer is obligated to pay such employee by any statute, ordinance, or contract" is guilty of a misdemeanor.

14.3 Defendant's violations of RCW 49.12.020, WAC 296-126-092, RCW 49.46.090, RCW 49.46.130, and RCW 49.48.010 were willful and intentional, and constitute violations of RCW 49.52.050.

14.4 RCW 49.52.070 provides that any employer who violates the provisions of RCW 49.52.050 shall be liable in a civil action for twice the amount of wages withheld, attorneys' fees, and costs.

14.5 As a result of the willful, unlawful acts of Defendant, Plaintiff and the Class members (but not all) have been deprived of compensation in amounts to be determined at trial, and Plaintiff and the Class members are entitled to recovery of twice such damages, including interest thereon, as well as attorneys' fees and costs under RCW 49.52.070.

## XV. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on their own behalf and on behalf of the members of the Class, pray for a judgment against Defendant, as follows:

A. Certify the proposed Class;

B. Appoint Plaintiff as Class representative;

C. Appoint the undersigned attorneys as Class counsel;

D. Declare that the actions complained of herein violate Washington law;

E. Award Plaintiff and the Class members compensatory and exemplary damages;



JUSTICE LAW CORPORATION
751 N. Fair Oaks Ave., Ste. 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.JusticeLawCorp.com

F. Award attorneys' fees and costs to Plaintiff's attorneys, as allowed by law;

G. Award pre-judgment and post-judgment interest to Plaintiff, and the Class members, as provided by law;

H. Grant such other and further relief as this Court deems necessary.

RESPECTFULLY SUBMITTED AND DATED this 19th day of November, 2025.

**JUSTICE LAW CORPORATION**
By: /s/ Douglas Han
Douglas Han, WSBA #59429
Email: dhan@justicelawcorp.com
/s/ Shunt Tatavos-Gharajeh
Shunt Tatavos-Gharajeh, WSBA #59424
Email: statavos@justicelawcorp.com
/s/ April Rhéaume
April Rhéaume, WSBA #57119
Email: arheaume@justicelawcorp.com
751 North Fair Oaks Avenue, Suite 101
Pasadena, California 91103
Telephone: (818) 230-7502
Facsimile: (818) 230-7259

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify under penalty of perjury under the laws of the State of Washington that, on the date stated below, I did the following:

On November 19, 2025, I mailed by regular U.S. Mail, postage prepaid a true copy of the below and sent a courtesy copy:

**FIRST AMENDED CLASS ACTION COMPLAINT FOR UNPAID WAGES**

in the above-entitled matter to:

Priya B. Vivian
vivianp@ballardspahr.com
Erin M. Wilson
wilsonem@ballardspahr.com
Alayna M. Piwonski
piwonskia@ballardspahr.com
**Legal Staff:**
Shanynn Foster
fostersh@ballardspahr.com
**BALLARD SPAHR LLP**
1301 Second Avenue, Suite 2800
Seattle, WA 98101-3808

**[X] By U.S. Mail**
**[X] By Electronic Mail**
**[X] By ECF**

*Attorney(s)* for Defendant CHS Inc.

Executed on November 19, 2025, at Pasadena, California.

*/s/ Flor Gonzalez*
Flor Gonzalez



**JUSTICE LAW CORPORATION**
751 N. Fair Oaks Ave., Suite 101
Pasadena, California 91103
TEL. (818) 230-7502 • FAX (818) 230-7259
www.justicelawcorp.com